**Edward McGLONE, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 85–1680.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 4, 1985.

Decided April 7, 1986.

L. David Linkauer, for appellant.

John E. Newton, Jr., Asst. Reg. Atty. (John C. Newman, Acting Reg. Atty., William M. Reinhart, Supervisory Asst. Reg. Atty., Philadelphia, Pa., Elsie L. Munsell, U.S. Atty., Alexandria, Va., Raymond A. Jackson, Asst. U.S. Atty., Norfolk, Va., on brief), for appellee.

Before PHILLIPS and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

McGlone, an unemployed laborer, applied for supplemental security benefits in January 1984. He alleged disability as a result

of a broken leg. He was denied benefits at all administrative levels, and in December 1984 sought review in the district court.

After consideration of the entire record, we affirm.

## I.

McGlone first contends that the record is fatally inadequate for review and that we should remand for a rehearing. The transcript was prepared from an electronic recording, and sprinkled throughout it are omissions identified by the transcriber's insertion of the word "inaudible."

Whether the transcript is inadequate depends upon the materiality of the omissions. The plaintiff shoulders the burden of showing that some material evidence was not reported or was so incompletely reported that its effect is obscured. There was no attempt to make any such showing.

The plaintiff was not represented by counsel in the hearing before the administrative law judge, but his lawyer in the district court could have ascertained from him what, if any, relevant evidence was offered at the hearing but not reported. There is no identification of any such omitted evidence.

On the other hand, the transcript does disclose evidence supporting the Secretary's decision. There are statements regarding McGlone's pain and detailed discussions of his past work experience, his daily activities, and the effect of his injury on those activities.

The transcript is not so inadequate as to require another hearing.

## II.

McGlone broke his left tibia and fibula in October 1983. He underwent surgery on the leg in February 1984, and post-discharge evaluations reflect improvement in his condition. His treating physician prepared a physical capacities evaluation in May 1984 indicating that at that time McGlone was fully capable of performing at least sedentary work. The medical evidence is corroborated by McGlone's own description of his physical capabilities.

The finding that McGlone was not disabled after May 1984 is supported by the record.

## III.

In the district court, McGlone submitted additional medical evidence that his condition suddenly worsened in the spring of 1985, requiring surgery in May. The physician predicted that the events of the spring of 1985 would result in an impairment of McGlone's capabilities for a period of four months.

This additional evidence discloses that McGlone suffered a short period of disability in 1985, but it does not establish, as McGlone suggests, that he was continuously disabled from October 1983 until May 1985.

## IV.

We conclude that the record sufficiently discloses substantial evidence supporting the Secretary's decision.

AFFIRMED.